IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONYA JACKSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-229 |
| vs. | ) ) ) | |
| CLUB EROTICA, CLUB EROTICA, INC. V.I. CORPORATION d/b/a CLUB EROTICA, JAMES W. SHEPARD, VINCENZO ISOLDI, FRANCO ISOLDI, and DOE DEFENDANTS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ANSWER**

AND NOW COME Defendants, Club Erotica, V.I. Corporation, Vincenzo Isoldi, and Franco Isoldi (the "Club Erotica Defendants) by and through their attorneys, John A. Bacharach, Esquire and Bacharach and Michel, and files this Answer and in support thereof states as follows:

1. This paragraph is a legal conclusion to which no response is required.

2. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

3. Denied as to Defendants, Club Erotica, V.I. Corporation d/b/a Club Erotica, Vincenzo Isoldi and Franco Isoldi.

4. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

5. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

6. These paragraphs are legal conclusions to which no response is required. To the extent that a response may be required, its averments are denied.

7. These paragraphs are legal conclusions to which no response is required. To the extent that a response may be required, its averments are denied.

8. These paragraphs are legal conclusions to which no response is required. To the extent that a response may be required, its averments are denied.

9. These paragraphs are legal conclusions to which no response is required. To the extent that a response may be required, its averments are denied.

10. These paragraphs are legal conclusions to which no response is required. To the extent that a response may be required, its averments are denied.

11. These paragraphs are legal conclusions to which no response is required. To the extent that a response may be required, its averments are denied.

12. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. It is, however, denied that Jackson was an employee of the Club Erotica Defendants. Jackson was an independent contractor. She did appear at Club Erotica between May 9, 2016 and August 6, 2016. Jackson was not terminated because she was not an employee. Jackson was told not to return because she repeatedly arrived at the club significantly intoxicated or under the influence of other substances or when she arrived at the club or she became impaired during performances to the extent that she was a danger to herself or to others. Jackson had previously been told to get treatment and then she could return, which Defendants believe she did, but she would then relapse. She was not told by Club Erotica that she could never return.

13. Denied. Jackson was an independent contractor. She was not an employee.

14. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

15. Denied. Club Erotica, located ay 824-826 Island Avenue, McKees Rocks, Pennsylvania, is operated by V.I. Corporation, a Pennsylvania business corporation.

16. Admitted.

17. Denied. James W. Shepard has no office, ownership or employment by or with Club Erotica and he is not an agent, servant or employee of any of these defendants.

18. V.I. Corporation is the owner and operator of Club Erotica. All other averments of this paragraph are legal conclusions, which are denied.

19. Franco Isoldi manages the day to day operations of the Club Erotica businesses, but it does not own the real estate. All other averments of this paragraph are legal conclusions, which are denied.

20. Admitted.

21. Denied. All entertainers are independent contractors.

22. No answer is required to this paragraph.

23. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

24. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, it is denied.

25. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, it is denied.

26. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, it is denied.

27. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, it is denied.

28. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, it is denied.

29. This paragraph is a legal conclusion to which no response is required.

30. Denied. Club Erotica entertainers are independent contractors. They work on their own schedules, they perform at their own discretion, and they have control of the time, place and manner of their performance. They are not subject to fines or discipline. They are not restricted from working for any other business, either as employees or independent contractors, including other businesses providing the same or similar entertainment. Entertainers have been barred from the premises because of drinking, drug use, fighting or other illegal activities.

31. This paragraph is a legal conclusion to which no response is required, but it is admitted that Jackson performed at Club Erotica from time to time.

32. Paragraph 30 is incorporated by reference.

33. Paragraph 30 is incorporated by reference.

34. Denied. Club Erotica neither hires or fires entertainers. It provides a venue for them to perform. They may perform when and how they may perform, subject only to the availability of space as long as they are not intoxicated, engaging in illegal, or unsafe activity.

35. Denied. Club Erotica set no schedule for Jackson. Jackson rarely, if ever, worked 3-4 days per week and she was not in the club for 40 hours per week..

36. Denied. Entertainers do not check in. They are requested to let the person at the door know they are there to keep track of who should pay the stage lease fee, but this request is frequently ignored by the performers. Performers are not required to check in with the club DJ.

37. Denied. There is no policy or requirement of any type that an entertainer must stay

for any time period. It is denied that Jackson was required or pressured to perform when ill or at any other time.

38. Denied. Entertainers are free to leave and they do leave the Club Erotica premises at any time. They are not required to get permission to leave the club.

### Alleged Fees and Fines

39. Denied. The entertainers are independent contractors who control their own hours and performances. They are not employees. The only charges performers pay are stage lease fee to the extent they are used.

40. Denied. The cover charge is retained by Club Erotica. The entertainers are not employees, they are independent contractors. The cover is $25 on weekends and $20 during the week.

41. Denied. The stage lease fee varies based on the day of the week and the time of day, but at times it is not always paid particularly Sunday through Thursday..

42. Denied. The lease fees are not dependent on tips received by an entertainer, but on days with few customers that fee is often not paid.

43. Denied. Entertainers are expected to pay stage lease fees, but they are not forced or pressured to pay those fees if they lack the funds to do so at that time and they are not barred from returning if they have unpaid lease fees, nor is or has any legal action been taken to collect any unpaid lease fees. The entertainers are not required or pressured to share their tips with anyone. There is no list of fines paid or fees owed.

### Alleged Tip Retention and Mandatory Tip Outs

44. This paragraph is a legal conclusion which required no response. To the extent that a response is required, the averments of this paragraph are denied. By way of further response, no entertainer is pressured or required to share her tips.

45. Denied. Entertainers keep all of their tips.

46. Denied. There are established lease fees for private performance areas that is paid by the customer. Part of this fee is paid to the club and part to the entertainer. However, any tip received by the entertainer in excess of the lease fee is retained by the entertainer and not share with the Club or anyone else.

47. The lease rental fees for use of the private areas are collected by club from the client. The client pays the Club a fixed charge for the use of the private area. The performer is paid a fixed portion of the fixed charge, plus any tips she receives form her client. The schedule is incorrect, but there is a fixed charge.

48. Denied. The club normally collects the lease fee, but it is denied that entertainers are held personally responsible if a customer does not pay.

49. Denied. There are no mandatory "tip-outs" at Club Erotica. Entertainers are not required or pressured to share their tips.

50. Denied. There are no mandatory tip-outs.

51. Denied. Entertainers are not required or pressured to pay valets or parking attendants.

52. It is admitted that entertainers are not required or pressured to tip the DJ. To the defendants knowledge and information, the DJ is not tipped by the entertainers and the DJ's are not permitted to pressure or solicit entertainers to do so.

53. Denied. Entertainers are not required or pressured to share their tips and, to the knowledge and information of the Defendants, they do not do so.

54. Denied. It is specifically denied that entertainers are required or pressured to tip other employees.

55. Denied.

### Alleged Additional Control

56. Denied.

57. Denied. Club Erotica has no requirements for the entertainers clothing or make-up during their performances. There is no requirement or pressure for entertainers to wear at least 2" heels or any heels at all. Entertainers are asked to wear shoes when performing for health and safety reasons, but it is a recommendation and not an enforced rule.

58. Denied. Club Erotica does make a changing area available for entertainers, but they are not required to use it. Management and staff do not check the changing area. Entertainers are not observed by staff or others at the Club while changing, and certainly not over their objection.

59. Denied. No entertainer is required to go on stage. They can go on stage or leave the stage when they choose to do so. When the Club is busy, entertainers do put their name on a list with the DJ for a turn to go on stage, but that is only because of space limitations. Many types of music, except music with extreme profanity or violence are played. The DJ controls the music selection, but entertainers can make requests.

60. Denied. Entertainers can dance as much or as little as they choose and when they choose to dance.

61. Denied. Club Erotica has no cell phone policy.

62. Denied. Club Erotica has no or *de minimus* rules for entertainers and no fixed schedule.

63. Denied. Club Erotica only charges a cover charge and the lease fees previously described. All tips are retained by the entertainers. Club Erotica has no fines or fees paid by the entertainers other than the fees, previously described. There is a document posted that lists some fees.

64. Denied for reasons previously stated.

65. Denied. Plaintiff was never an employee. To the extent she believed that she was an employee, that belief was irrational and unsupported by sufficient competent evidence.

66. This paragraph is a legal conclusion and requires no response. To the extent that a response may be required, the averments of this paragraph are denied.

67. After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

## Class and Collective Action Allegations

68. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

69. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

70. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

71. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

72. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

73. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

74. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

75. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

76. This paragraph is a legal conclusion to which no response is required. To the

extent that a response may be required, its averments are denied.

77. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

## First Count-FLSA

78. All prior paragraphs are incorporated by reference.

79. Club Erotica's gross annual revenues are more than $500,000.

80. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

81. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

82. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

83. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

84. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

85. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

## Second Count
### Pennsylvania Minimum Wage Act
### 43 P.S. 333.101 et Sseq.

86. All prior paragraphs are incorporated by reference.

87. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

88. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

89. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

90. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

91. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

92. This paragraph is a legal conclusion to which no response is required. To the extent that a response may be required, its averments are denied.

### Third Count
### Pa. Wage Payment Collection Law
### 43 P.s. §260.1 Et Seq.

93. All prior paragraphs are incorporated by reference.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

### Fourth Count
### Unjust Enrichment

99. All prior paragraphs are incorporated by reference.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

WHEREFORE, Defendants respectfully request judgment be entered in their favor and against all other parties, plus costs, attorneys' fees and interest.

**Affirmative Defenses**

110. Plaintiff's and any other claimants claims are barred or limited by the applicable statute of limitations.

111. The Plaintiff received all compensation that was due and legally required.

112. The individual defendants do not have sufficient control to allow for personal liability.

113. This case fails to meet the standards for a class or collective action.

114. The Plaintiff was an independent contractor.

115. The Plaintiff was never an employee of Club Erotica or any defendant.

WHEREFORE, Defendants respectfully request judgment be entered in their favor and against all other parties, plus costs, attorneys' fees and interest.

BACHARACH AND MICHEL

/s/ John A. Bacharach
John A. Bacharach, Esq.
Pa. ID# 19665
564 Forbes Avenue
1113 Manor Complex
Pittsburgh, PA   15219
412-391-8713

**A JURY TRIAL IS DEMANDED**