IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONYA JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CLUB EROTICA, CLUB EROTICA, INC., V.I. CORPORATION d/b/a CLUB EROTICA, JAMES W. SHEPARD, VINCENZO ISOLDI, FRANCO ISOLDI, and DOE DEFDNDANTS 1-10,<br><br>    Defendants. | Civil Action No. 2:19-cv-229<br>Magistrate Judge Patricia L. Dodge |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Sonya Jackson and Opt-In Plaintiff Nicole Kaefer (collectively "Plaintiffs') and Defendants Club Erotica, Club Erotica, Inc., V.I. Corporation d/b/a Club Erotica, Vincenzo Isoldi, and Franco Isoldi (collectively "Defendants"), by and through their respective counsel, seek the court's approval of the settlement of claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. In support of the motion, the parties state as follows:

1. On March 1, 2019, Plaintiff initiated this action against the Defendants, alleging that they violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et. Seq.*, Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.101 *et seq.*, Pennsylvania Wage Payment Collection Law ("PWPCL") 43 P.S. § 260.1, *et seq.*, and engaged in Common Law Unjust Enrichment for failing to pay minimum wage and overtime compensation. Specifically, Plaintiff alleged that the Defendants misclassified her as an independent contractor and thus failed to pay her a minimum wage for the first forty hours in a workweek and failed to pay her overtime compensation for all hours worked over forty in a workweek. *See* ECF 1.

2. The Defendants filed an Answer to Plaintiff's Complaint on April 28, 2019, in which they denied any liability to the Plaintiff, contending that the Plaintiff was properly classified as an independent contractor and accordingly was not owed a minimum wage or overtime compensation. *See* ECF 9.

3. Nicole Kaefer filed her Notice of Consent to Sue on April 12, 2019. *See* ECF 8.

4. The parties engaged in substantial informal discovery, including the exchange of initial disclosures and a significant number of documents.

5. The parties participated in mediation—as required by local rules—conducted by Carole Katz on July 16, 2019. *See* ECF 20. At this initial mediation, the parties failed to reach an agreement.

6. On August 7, 2020, at the request of the parties due to the pending Mediation, this Court denied, without prejudice Plaintiffs' Motion for Conditional Certification. *See* ECF 45.

7. The parties agreed to have the case referred to Magistrate Judge Lisa Pupo Lenihan for a Settlement Conference/ Mediation on September 11, 2020. *See* ECF 46. The Conference occurred on December 11, 2020, and an agreement between the parties was reached. *See* ECF 53.

8. Further, the parties worked together to draft an agreement to effectuate the settlement of claims which the parties signed on February 17, 2021.

9. Because the proposed settlement involves a resolution of the Plaintiffs' claims under the FLSA, the parties are submitting this joint motion to approve the settlement.

10. Although the Third Circuit has yet to address the question of whether wage claims under the FLSA may be settled without court approval, trial courts in the Western District of Pennsylvania have followed this approach and assume that judicial approval is necessary. *See Fletcher v. Campbell Development LLC*, 2020 WL 7385285, at *1 (W.D. Pa., Dec. 16, 2020)

(Bissoon, J.); *Horton v. Right Turn Supply, LLC*, 435 F.Supp.3d 202, 204-05 (W.D. Pa. 2020) (Ranjan, J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa., June 30, 2015); (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa., April 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa., March 20, 2015) (McVerry, J.).

11. When considering whether to approve a proposed settlement of an FLSA claim, a district court must determine that: (1) the settlement involves a bona fide dispute (2) the settlement is fair and reasonable to the plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

12. This lawsuit involves a bona fide employment dispute as to both the defendants' liability and the Plaintiffs' damages under the FLSA, PMWA, and PWPCL. Plaintiffs alleged that Defendants wrongfully misclassified them as independent contractors, resulting in their not receiving a minimum wage for the first forty hours in a workweek and not being paid overtime compensation for all hours worked over forty in a workweek as required under the FLSA. Defendants deny these allegations and point to several factors supporting their position that Plaintiffs were independent contractors and not entitled to the FLSA's protections.

13. The terms memorialized in the settlement agreement attached as Exhibit A are fair and reasonable. In this lawsuit, Plaintiffs assert claims for unpaid minimum wage and overtime compensation under the FLSA, PMWA, and PWPCL. This settlement represents a full recovery of possible damages for each Plaintiff, a result which is significant in light of the risks that Plaintiffs face in establishing both liability and damages in this case. Plaintiffs' counsel is experienced with wage and hour cases and understands the risks involved in demonstrating

employee misclassification under the FLSA as well as employer liability for any unreported or underreported "off–the–clock" work.

14. Finally, neither the settlement nor the settlement agreement frustrates the implementation of the FLSA, PMWA, and PWPCL in the workplace. The final agreement was reached after a substantial investigation by the Plaintiffs' counsel both before and after the lawsuit was filed, including the review of the Defendants' responses to interrogatories and documents produced in response to document requests. Further, the terms of the settlement, including the settlement amount, was the result of arms' length negotiations facilitated by two experienced and respected mediators. The agreement is a true compromise on both sides and the result achieved by the parties advances the purposes of the FLSA, PMWA, and PWPCL.

15. The complexity, expense, and likely duration of further litigation, the risk for Plaintiffs of recovering nothing at all, and the parties' analysis of the potential damages all support the conclusion that the Settlement Agreement is fair and reasonable.

WHEREFORE, the parties request that the court grant their motion and find that the settlement agreement reached by the parties represents a fair, reasonable, and adequate resolution of the Plaintiff's claims under the FLSA, PMWA, and PWPCL. A proposed order to that effect is attached.

Dated: February 19, 2021

Respecfully Submitted,

| | |
|---|---|
| CARLSON LYNCH | BACHARACH AND MICHEL |
| BY:/s/*Elizabeth Pollock-Avery*<br>    Gary F. Lynch<br>    glynch@carlsonlynch.com<br>    Edward W. Ciolko<br>    eciolko@carlsonlynch.com<br>    Elizabeth Pollock-Avery<br>    eavery@carlsonlynch.com<br>    Matthew D. Brady<br>    mbrady@carlsonlynch.com<br>**CARLSON LYNCH LLP**<br>1133 Penn Ave., 5th Floor<br>Pittsburgh, PA 15222<br>Phone: (412) 322-9243<br>Fax: (412) 231-0246<br><br>*Counsel for Plaintiffs* | BY:_____<br>    John A. Bacharach, Esq.<br>    jbacharach@jblmlaw.com<br>**Bacharach & Michel**<br>564 Forbes Avenue<br>1113 Manor Complex<br>Pittsburgh, PA 15219<br>Phone: (412) 391-8713<br><br>*Counsel for Defendants* |